IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PRIMA EXPLORATION, INC., | CV 22-140-BLG-SPW-TJC |
|         Plaintiff/Counter Defendant, | **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| NOVA ENERGY, LLC, | |
|         Defendant/Counter Claimant. | |

This action involves a dispute between Plaintiff/Counter Defendant Prima Exploration, Inc. ("Prima") and Defendant/Counter Claimant Nova Energy, LLC ("Nova"), arising from a contract between the parties relating to oil well services Nova was to provide in Richland County, Montana. Presently before the Court are Prima's Motion to Dismiss Nova's Counterclaims (Doc. 22), and Nova's Motion to Determine Choice of Law (Doc. 29). The motions are fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** that both motions be **DENIED**, as set forth below.

/ / /

/ / /

1

## I.    BACKGROUND

Prima, a Colorado corporation, is the owner of certain oil and gas leasehold interests in four wells located in Richland County, Montana.  Nova, a North Dakota limited liability company, is engaged in the well servicing business.  Prima and Nova entered into a Master Service Agreement ('MSA") dated June 28, 2021, regarding services Nova was to provide on Prima's oil and gas leasehold interests.

Under section 3 of the MSA, Prima agreed to pay Nova for the work performed and services rendered by Nova in accordance with Exhibit A to the MSA.  Section 3 of the MSA also provided billing instructions, and stated that "[i]f no action for collection of an unpaid invoice has been commenced within one year and one day after the date of the invoice, [Prima] shall be relieved of liability for payment."  (Doc. 5-2 at 2.)  The MSA also contained a provision stating that the "Agreement shall be construed and interpreted in accordance with the law of the state of Colorado."  (*Id.* at 6.)

Nova subsequently submitted the following invoices to Prima for services it claims to have provided under the MSA:

a) No. 10521 in the amount of $121,484.16 on September 28, 2021;
b) No. 11156 in the amount of $120,839.70 on October 8, 2021;
c) No. 11106 in the amount of $160,965.09 on November 11, 2021; and
d) No. 10328 in the amount of $196,413.67 on January 24, 2022.

On May 23, 2022, Nova recorded a Verified Affidavit and Notice of Well or Pipeline Lien in Richland County, Montana, pursuant to Mont. Code Ann, §

71-3-1004.  (Doc. 4 at 11-20.)  According to the lien, Prima owes Nova $599,704.61, plus interest on the four unpaid invoices.  (*Id.* at 12.)

On November 3, 2022, Prima filed this action against Nova in the Montana Seventh Judicial District Court, Richland County.  (Doc. 4.)  Prima's Complaint includes causes of action for declaratory judgment that Nova's lien is invalid, breach of contract, declaratory judgment that Prima is not obligated to pay invoices for which Nova did not commence an action within one year and one day, slander of title, and breach of good faith and fair dealing.  (*Id.*)  Thereafter, Nova removed the case to this Court on December 12, 2022.  (Doc. 1.)

On December 19, 2022, Nova filed an Answer and Counterclaim against Prima.  (Doc. 5.)  In its Counterclaim, Nova asserts claims for foreclosure of the lien, breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment.  (*Id.*)

Prima now moves to dismiss Nova's Counterclaims, (Doc. 22), and Nova moves for an order determining that Montana law applies to all claims brought in this case (Doc. 29).

## II.   LEGAL STANDARDS

A motion to dismiss a counterclaim is determined under the same standard as a motion to dismiss a complaint.  *Crow v. Safeco Ins. Co. of Ill.*, 2012 WL

3

5430413, *2 (D. Mont. Nov. 7, 2012).  Dismissal under Rule 12(b)(6) is proper when the pleading either "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted).  Nor does a pleading "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570).  "When ruling on a motion to dismiss a counterclaim under Fed. R. Civ. 12(b)(6), courts generally limit their

4

considerations to the allegations in the counterclaim." *Scottsdale Ins. Co. v. Philadelphia Indemn. Ins. Co.*, 2014 WL 12586840, *3 (D. Mont. July 9, 2014).

A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts that are "merely consistent with" a defendant's liability fall short of this standard. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is generally confined to the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011). But the Court also may consider documents attached to the pleadings, and may consider documents incorporated into the pleadings by reference. *Ritchie*, 342 F.3d at 908. Documents may be incorporated by reference into the pleadings where (1) the pleading refers to the document; (2) the document is central to the claim; and (3) no party questions the authenticity of the document. *Corinthian Colleges*, 655 F.3d at 999.

/ / /

## III.   DISCUSSION

### A.   Nova's Counterclaim States a Plausible Claim

Prima argues Nova's breach of contract counterclaim must be dismissed as to three of the four invoices – Nos. 10521, 11156, and 11106 – because the claim is barred by the one-year statute of limitations in the MSA.  Prima further argues Nova's counterclaims for breach of the covenant of good faith and fair dealing and lien foreclosure fail because Nova cannot maintain any valid claims related to three of the four invoices.  Prima also assert's Nova's claim for unjust enrichment is unavailable under Montana law, and that Nova cannot meet the requirements for the claim under Colorado law.

The Court finds Nova's Counterclaim clearly states a plausible claim for breach of contract.  "The essential elements of a breach of contract claim are the existence of an enforceable contract, the defendant's breach, and damages to the plaintiff caused by the breach." *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017).  *See also* 17A Am. Jur. 2d Contracts § 577.  Here, Nova has shown the existence of an enforceable contract by attaching the MSA to the Counterclaim.  (Doc. 5-2.)  Further, Nova alleges Prima breached the MSA by not paying Nova pursuant to the terms of the MSA, and that Nova has been damaged by Prima's breach.  (Doc. 5 at ¶¶ 28-31.)  Thus, the Counterclaim contains sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.

Nevertheless, Prima asserts that Nova's breach of contract claim is barred by the one-year limitations period set forth in the MSA.  Prima argues that, pursuant to the choice of law provision in the MSA, Colorado law applies, and that contractual agreements that require actions to be commenced within a shorter time than prescribed by the applicable statute of limitations are enforceable under Colorado law.

Statute of limitations defenses may be raised on a Rule 12(b)(6) motion to dismiss.  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).  But the Court can only dismiss a claim if "the running of the statute is apparent on the face of the complaint" and no basis for tolling the statute appears.  *Id.*; *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).  If the applicability of equitable tolling depends on factual questions that are not clearly resolved in the pleadings, a motion to dismiss based on the running of the limitations period must be denied.  *Supermail Cargo, Inc.,* 68 F.3d at 1207.  "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Id.*

In the present case, even assuming the one-year limitations period in the MSA is enforceable, the Court cannot find as a matter of law that there are no set of facts under which Nova could show its Counterclaim is timely, or that the

assertions in the Counterclaim would not permit Nova to prove that the limitations period was tolled.  To the contrary, Nova alleges that on June 24, 2022, Prima's counsel requested that Nova "refrain from taking any legal action" while Prima looked into Nova's lien.  (Doc. 5 at ¶ 36.)  Nova alleges that Prima purposefully delayed Nova from bringing a court action within the limitations period under the MSA.  (*Id.* at ¶ 37.)  Given these allegations, which the Court must accept as true, the Court cannot find with certainty that the doctrine of estoppel cannot apply.[1]

Moreover, Prima argues that only three of the four invoices would be barred by MSA limitations period, apparently conceding that the action pertaining to the fourth invoice is timely.  Thus, even if Prima were able to establish that an action based on services covered by three of the invoices is time-barred, Nova could still pursue its breach of contract claim based on services reflected in the remaining

---

[1] Prima urges the Court to take judicial notice of the June 24, 2022 email, as well as subsequent correspondence between the parties.  The Court declines to do so. The subsequent correspondence is not referenced in the Counterclaim, and is not integral to or form the basis of Nova's Counterclaims.  *Ritchie*, 342 F.3d at 908. Further, the meaning of the parties' correspondence is subject to reasonable dispute, and is therefore not a proper subject of judicial notice.  *In re Apple Inc. Device Performance Lit.*, 386 F.Supp.3d 1155, 1165 (N.D. Cal. 2019).  The Court recognizes that it has discretion under Rule 12(d) to accept and consider extrinsic matters offered in a Rule 12(b)(6) motion and to convert the motion to one for summary judgment.  In these circumstances, however, the Court finds it would be more appropriate for the Prima to move for summary judgment on the statute of limitations issue under Rule 56, if it wishes to do so.  In that event, the parties will have the opportunity to develop the factual record, and the Court will have the benefit of a Statement of Undisputed Facts and Statement of Disputed Facts to consider in determining the motion.

invoice.  In short, application of the MSA's time limitation could diminish, but not bar, Nova's recovery under its breach of contract claim.

Because the Court finds Nova's claim for breach of contract does not fail as a matter of law, the Court declines at this stage to dismiss Nova's remaining claims for breach of the covenant of good faith and fair dealing and lien foreclosure.  As indicated above, Prima's motion with respect to those claims is premised on the same argument that Nova may not recover on those claims because they are time-barred.

Dismissal of Nova's claim for unjust enrichment is also not appropriate at this time.  This claim is contingent on the viability of Nova's contractual claims, and Nova has made clear that it is pled in the alternative in the event its contract claims and claims based on its lien are subject to dismissal.  (Doc. 36 at 28.) Additionally, it appears that the determination of the unjust enrichment claim may depend on whether Montana or Colorado law applies.  But as explained below, the factual record before the Court is not sufficient to conduct an appropriate choice of law analysis at this time.

Accordingly, the Court recommends that Prima's Motion to Dismiss be denied.

/ / /

/ / /

9

### B.    Choice of Law

Nova moves the Court to order that Montana law applies to all claims brought in this case.  Prima counters that Colorado law should apply to any claims under the MSA because the parties expressly agreed that the MSA would be governed by Colorado law.

"Federal courts sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law."  *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (internal quotations and citation omitted). In determining whether to give effect to contractual choice-of-law provisions, the Montana Supreme Court applies the *Restatement (Second) of Conflict of Laws*.  *See Modroo v. Nationwide Mut. Fire Ins. Co.*, 191 P.3d 389, 400 (Mont. 2008) (applying *Restatement (Second) of Conflict of Laws* § 187; *Keystone, Inc. v. Triad Systems Corp.*, 971 P.2d 1240, 1242 (Mont. 1998) (same).  Under the *Restatement*, "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless either

> (a) the chosen state has no substantial relationship to the parties or the
>
> transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a
>
> fundamental policy of a state which has a materially greater interest than the
>
> chosen state in the determination of the particular issue and which, under the

rule of § 188, would be the state of the applicable law in the absence of an

effective choice of law by the parties."

*Restatement (Second) of Conflict of Laws* § 187 (1971).

In line with these considerations, the Montana Supreme Court has stated

that the law of the state chosen by the parties should not apply if: (1) Montana has

a materially greater interest in the particular issue than the state chosen by the

parties; (2) Montana law would apply but for the choice-of-law provision; and (3)

applying the state law chosen by the parties would contravene a fundamental

policy of Montana.  *Modroo*, 191 P.3d at 400.

To determine the first two factors, courts consider the following

factors from § 188 of the *Restatement*:

> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicil, residence, nationality, place of incorporation and
>     place of business of the parties.

*Keystone, Inc.*, 971 P.2d at 1242 (quoting *Restatement § 188(2)*).

The Court finds it is premature to engage in a detailed a choice of law

analysis at this stage of the litigation.  First, courts generally decline "to

conduct such an analysis at the motion to dismiss stage where further

development of the record is necessary to properly decide the choice-of-law

question."  *In re Apple Inc. Device Performance Lit.*, 386 F.Supp.3d 1155,

1170 (N.D. Cal. 2019). *See also In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) (finding a detailed choice-of-law analysis would be inappropriate at the pleading stage); *Lindland v. TuSimple, Inc.*, 2022 WL 687148, *4-5 (S.D. Cal. March 8, 2022) (declining to resolve choice of law issue where a fuller factual record was needed to make a definitive choice of law determination).

Here, there are a host of factual issues in dispute with regard to the factors noted above, which the parties have formulated through competing affidavits. (*See* Docs. 31, 38-1, 39-2.) For example, there are disputed questions such as whether Nova performed work under the MSA only in Montana or also in North Dakota; whether the MSA is a contract for real property or for services; and whether the parties' place of business is Montana. The parties further dispute whether the MSA was open to negotiation or was a contract of adhesion, and whether the choice of law provision was negotiable. The Court, therefore, finds factual discovery is likely to develop the record presented by the parties and effect the analysis of the choice of law determination.

Second, where a motion to dismiss can be decided without determining the choice of law issue, courts should and do avoid making unnecessary choice of law determinations. *In re Shoot the Moon, LLC*, 2020

12

WL 6588407, *5 (Bankr. D. Mont. Nov. 6, 2020). "Such judicial restraint

comports with the prohibition on federal courts issuing advisory opinions."

*Id.* As the court noted in *Shoot the Moon*, choice of law determinations are

"necessary only when a difference in the law will result in a different

outcome." *Id. See also United Int'l Holdings Inc. v. Wharf (Holdings) Ltd.*,

946 F.Supp. 861, 866 (D. Col. 1996) (declining to rule on choice of law

issue where such a determination "would be nothing more than an advisory

opinion"); *Mays Grp., Inc. v. AT&T Corp.*, 2005 WL 8177153, at *3 (D. Or.

Aug. 16, 2005) (finding resolution of choice of law issue was premature

because the defendant's motion to dismiss could be decided without

determining what state law applies).

As discussed above, resolution of the choice of law issue is

unnecessary to the Court's determination of Prima's Motion to Dismiss.

Accordingly, the Court declines to engage in an advisory choice of law

determination at this juncture in the litigation.

Nova's Motion for Determination of Choice of Law should, therefore,

be denied.

## IV.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that

1.     Prima's Motion to Dismiss Nova's Counterclaims (Doc. 22) be

**DENIED**; and

    2.      Nova's Motion to Determine Choice of Law (Doc. 29) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

    DATED this 12th day of July, 2023.

                                 TIMOTHY J. CAVAN
                                 United States Magistrate Judge